UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 07-CV-7-H

WILLY ARAGON                                                    PLAINTIFF

V.

UNITED STATES POSTAL SERVICE, et al.                      DEFENDANTS

**MEMORANDUM AND ORDER**

Defendant, United States of America, has moved to dismiss this claim on the grounds that Plaintiff has not exhausted his administrative processes prior to filing this federal lawsuit.

This case was originally brought in Kentucky state court and was removed to this Court on January 9, 2007, pursuant to 28 U.S.C. § 1442(a)(1) and § 1446(a).  Plaintiff alleges that a package mailed in the United States Postal Service became damaged during its delivery. Plaintiff seeks money damages as a consequence.  The Postal Service investigated the matter and denied the claim because it could not confirm that the property in the package was damaged while in Postal Service custody.  Plaintiff filed an initial appeal with the St. Louis claims office of the Postal Service.  The Postal Service denied this initial appeal.  Plaintiff did not file a subsequent appeal but instead filed this claim in state court.  Because Plaintiff failed to file a subsequent administrative appeal, the United States now argues that this Court lacks subject matter jurisdiction.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) provides the exclusive remedy for persons with claims for damages resulting from negligent acts of federal employees

acting within the scope of their employment.  However, the FTCA has not waived claims arising out of the loss, miscarriage or negligent transmission of letters or postal matters.  28 U.S.C. § 2680(b).  If Plaintiff's claim falls within this exception and it appears that it does, then a claim against the United States must be dismissed based on sovereign immunity.

Plaintiff's actual claim is one premised on indemnity for lost or damaged insured mail.  However, to the extent Plaintiff's claim sounds in contract, he must exhaust his administrative remedies available under the applicable postal regulations before commencing his lawsuit.  The Postal Service Domestic Mail Manual ("DMM") sets forth the requirements for filing an indemnity claim for insured mail.  The initial claim must be filed no later than 60 days after the date of mailing.  A customer may appeal an initial claim decision by filing a written appeal 60 days after initial denial.  Plaintiff followed these first two steps.  If that appeal is denied, the customer may submit an additional appeal within 60 days for final review and decision by the Consumer Advocate of the United States Postal Service.  DMM 609.6.3.  Here, Plaintiff has failed to file such an appeal to the Consumer Advocate, even though he was notified of his right to do so.  Under these circumstances, the Postal Service has been unable to perform a final review or to issue a final decision.  *Id.*  Consequently, Plaintiff has failed to exhaust his required administrative remedies and, therefore, this Court lacks subject matter jurisdiction over this complaint.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss of the United States Postal Service is SUSTAINED and Plaintiff's claim is DISMISSED WITHOUT PREJUDICE.

This is a final order.

2

cc:      Willy Aragon, *Pro Se*
         United States Attorney